UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**CITY OF LAS CRUCES**,

        Plaintiff,

vs.

                                                            No. CIV 2:95-485 LCS

**EL PASO ELECTRIC CO.**,

        Defendant.

**O R D E R**

THIS MATTER comes before the Court upon Defendant's motion for leave to supplement its answer or to amend by interlineation, filed March 3, 1998.  After reviewing the submissions of the parties and the applicable law, and being otherwise fully advised in the premises, I find that the motion is not well taken and should be denied.

It is well settled that under FED.R.CIV.P. 15(a), a party may amend the pleadings after the time for freely amending only with leave of the court or by written consent of the adverse party.  *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996).  Leave of the court should be freely given when justice so requires.  FED.R.CIV.P. 15(a).  Hence, a court's denial of a motion to amend must be justified with specific reasons underlying the denial.  *Hom*, 81 F.3d at 973.  *See also Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997).  The denial of a motion to amend is subject to an abuse of discretion standard.  *Hom*, 81 F.3d at 973.

The instant cause is a declaratory judgment action brought in May of 1995, in which Plaintiff seeks a judicial declaration that it has the legal authority to condemn the property of Defendant within the City limits for the purpose of establishing a City-owned electric utility

operation. After extensive discovery and after conducting several pretrial proceedings, this Court held a five-day evidentiary hearing in mid-1996 in order to make certain factual determinations. Subsequent to that hearing, and after stating its factual conclusions, this Court certified the ultimate question of the City's authority to condemn to the New Mexico Supreme Court on August 23, 1996.

During the time that the certified question was before the state Supreme Court, but prior to any decision, the New Mexico Legislature enacted House Bill 1181, now codified at NMSA 1978, § 3-24-1 (1997). After taking briefs on the issue of mootness due to the new law, the New Mexico Supreme Court found the certified question moot and quashed its order accepting certification on February 11, 1998.

Defendant filed the instant motion on March 3, 1998. There, Defendant seeks amendment of its answer to include its "contention that the City lacks authority under either N.M.S.A. 3-24-1 prior to amendment, or as amended, and contesting the use of H.B. 1181 as a basis for condemnation of EPE's property . . . ." (Def.'s Mot. for Leave to Amend at 5). Thus, Defendant essentially seeks amendment to include a defense to the proposition that the new law "provides the City with a constitutionally valid basis for condemnation of El Paso Electric Company property located in an [sic] around Las Cruces that is already subject to public use." (Def.'s Mot. for Leave to Amend at 8).

In my view, Defendant's motion to amend its answer is not well taken. First, the proposed amendment seeks to inject a new matter into this cause which, as Plaintiff points out, is unrelated to the originally stated claim which was filed almost three years ago. (*See* Pl.'s Response at 4). From the outset, this case has involved statutory and constitutional

interpretation, as well as the development of a factual record, regarding whether Plaintiff had the authority to condemn an electric utility system devoted to a public use.  Thus, this Court has delved into New Mexico caselaw on the prior public use doctrine, which included decisions such as *City of Albuquerque v. Garcia*, 17 N.M. 445, 130 P. 118 (1913), and *City of Raton v. Raton Ice Co.*, 26 N.M. 300, 191 P. 516 (1920), and developed a detailed factual record.  Allowing Defendant to amend its answer at this time would mean that all prior proceedings before this Court were essentially useless.

Furthermore, if allowed, the stated amendment would unnecessarily complicate this case and drastically alter the course of proceedings.  In my estimation, this would prove unduly prejudicial to Plaintiff.  *See Hom*, 81 F.3d at 973 (undue prejudice to nonmovant suffices to deny a motion to amend).  Plaintiff would be required to react to a defense for which Plaintiff has made no claim.

Finally, it is my view that the defense which Defendant seeks to interject into this action is one that is better left for another day, whether in this forum or another.  For all of these reasons, I will deny Defendant's motion.

Based upon the foregoing ruling, I find that the issues raised in the parties' pleadings have now been rendered moot.  Therefore, I will grant Plaintiff's motion to dismiss based upon mootness.

**THEREFORE, IT IS ORDERED** that Defendant's motion for leave to supplement its answer or, in the alternative, to amend by interlineation, filed March 3, 1998 **[Docket Entry #135]**, is hereby **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss this action based upon

mootness, filed March 6, 1998 **[Docket Entry #137]**, is hereby **GRANTED**.

    **FINALLY, IT IS ORDERED** that this action is hereby dismissed.

    _____
Leslie C. Smith
United States Magistrate Judge
Presiding with the Consent of the Parties